[Cite as *State v D.S.*, 2022-Ohio-1229.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellee,            :

     v.                             :

D. S.,                                  :

     Defendant-Appellant.           :

No. 110134

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-647667-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Denise J. Salerno, Assisting Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, D.S. appeals her indefinite sentence as being unconstitutional. For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} In January 2020, a grand jury returned indictments against D.S. and her codefendant Ronald Buckhanon ("Buckhanon").[1]  The grand jury indicted D.S. on two counts of rape, one count of gross sexual imposition, one count of permitting child abuse of a mentally or physically handicapped person, and one count of child endangering of a mentally or physically handicapped child, with a furthermore clause that the violation resulted in serious physical harm to the child.

{¶ 3} The indictment stemmed from the sexual abuse of D.S.'s 13-year-old daughter, in December 2019.  The underlying facts were sufficiently laid out in *State v. Buckhanon*, 8th Dist. Cuyahoga No. 110127, 2022-Ohio-683, our decision in the codefendant's direct appeal.  We recount in relevant part, as follows:

> According to the police report that was included in the PSI, D.W., who was 13 years old at the time, told her grandmother and her aunt that she was raped by her mother (D.S.) and her mother's boyfriend (Buckhanon).  D.W. told the police that her mother called her into her bedroom and told the victim to imitate what she did to Buckhanon. D.S. then performed oral sex on Buckhanon.  D.S. instructed D.W. to do the same, and D.W. complied.  D.S. instructed D.W. to take off her clothes. After she complied, D.W. said that Buckhanon touched her whole body, including her breasts and vagina.  D.W. further stated that Buckhanon "touched her vagina with his penis."  D.S. told D.W. that she could not tell anyone because D.S. and Buckhanon would go to jail.

*Id.* at ¶ 4.

{¶ 4} At her arraignment, on January 22, 2020, D.S. pled not guilty to the charges.  On October 8, 2020, pursuant to a negotiated plea agreement, D.S. pled

---

[1] Buckhanon appealed to this court challenging the imposition of a maximum sentence. *See State v. Buckhanon*, 8th Dist. Cuyahoga No. 110127, 2022-Ohio-683.

guilty to one count each of rape, gross sexual imposition, permitting child abuse, and child endangering. The trial court advised D.S. that the rape and child endangering counts were qualifying offenses, and that the Reagan Tokes Act applied, because they were felonies of the first- and second-degree respectively.

{¶ 5} At the sentencing hearing, on November 12, 2020, the trial court reviewed a presentence-investigation report, a sentencing memorandum prepared by defense counsel, and letters written on D.S.'s behalf. After hearing from D.S., defense counsel, the state, and various family members, the trial court again advised D.S. that the Reagan Tokes Act applied.

{¶ 6} The trial court then advised D.S. of the presumptive release date, pursuant to R.C. 2967.271(B), which can be rebutted by the Ohio Department of Rehabilitation and Correction ("ODRC"). The trial court further advised D.S. that if the ODRC rebuts the presumption, D.S.'s sentence may be extended, pursuant to R.C. 2967.271(C), for a period that does not exceed the maximum prison term imposed.

{¶ 7} The trial court proceeded to sentence D.S. to a minimum prison term of three years, with an additional indefinite maximum term of one year and six months. The trial court applied the Reagan Tokes Act to the first-degree rape charge. Defense counsel objected to the trial court's imposition of an indefinite sentence under Reagan Tokes Act as being unconstitutional.

{¶ 8} D.S. now appeals and assigns the following sole error for review:

## Assignment of Error

As amended by the Reagan Tokes Act, the Revised Code's sentences for first- and second-degree qualifying felonies violate the Constitutions of the United States and the state of Ohio; accordingly, the trial court plainly erred in imposing a Reagan Tokes indefinite sentence.

## Law and Analysis

{¶ 9} In the sole assignment of error, D.S. argues the sentence imposed upon the first-degree rape offense was unconstitutional because it violates the separation-of-powers doctrine and the due process clause of the United States and Ohio Constitutions.

{¶ 10} However, we need not dwell on the arguments presented. The Ohio Supreme Court held in *State v. Maddox,* Slip Opinion No. 2022-Ohio-764, that constitutional challenges to the Reagan Tokes Act are ripe for review. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges D.S. advanced against the constitutional validity of the Reagan Tokes Act have been overruled. *Id.* at ¶ 17-54.

{¶ 11} Accordingly, we overrule the sole assignment of error.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EMANUELLA D. GROVES, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR


N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.