[Cite as *State v. Artis*, 2022-Ohio-3819.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111298 |
| v. | : | |
| ROBERT ARTIS, II, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 27, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-650687-A, CR-20-655197-A, and CR-21-657133-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Robert Artis, II ("Artis"), appeals his sentence following his guilty pleas in three cases, contending that the trial court erred in imposing maximum consecutive sentences. For the reasons that follow, we affirm.

## I.  Background

{¶ 2}  In Cuyahoga C.P. No. CR-20-650687, Artis pleaded guilty to Count 1, aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a third-degree felony; Counts 2 and 3, aggravated vehicular assault in violation of R.C. 2903.08(A)(2)(b), felonies of the fourth degree; and Count 4, failure to stop after an accident in violation of R.C. 4549.02(A)(1), a third-degree felony.  The charges arose out of an incident that occurred on May 2, 2020, when Artis, while driving 65 m.p.h. in a 35-m.p.h. zone on Kinsman Avenue in Cleveland, ran a red light and struck another vehicle.  The rear seat passengers in the vehicle that Artis struck — two children and their adult aunt — were transported to the hospital.  The aunt was paralyzed from the waist down as a result of her injuries and died two weeks later.  The seven-year-old child spent weeks in the hospital with a traumatic brain injury and multiple facial and skull fractures.  The five-year-old child had several facial fractures and was discharged after several days in the hospital.  Immediately after the accident, the driver of the vehicle that Artis struck was able to pull one of the children out of the vehicle and, upon seeing Artis exit his vehicle, called for his help.  Instead, he ran from the scene of the accident and was not identified until nearly two weeks later.

{¶ 3}  On May 15, 2020, Artis was involved in an altercation at a gas station on Kinsman Avenue where he shot multiple times at a male in the gas station parking lot.  He was arrested a short time later after he was identified in a photo line-up.  He was charged in Cuyahoga C.P. No. CR-21-657133 with offenses relating

to this incident and subsequently pleaded guilty to Count 1, discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), a third-degree felony, and Count 2, carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree.

{¶ 4} In early September 2020, local, state, and federal law enforcement engaged in Operation Legend to crack down on violent crime and drug trafficking in high crime neighborhoods in Cleveland. In the early morning hours of September 3, 2020, while he was out on bond in connection with the above-described cases, Artis was spotted in a vehicle on Kinsman Avenue that was under surveillance in connection with Operation Legend. He was arrested after being found in possession of a stolen loaded handgun with an extended clip, cocaine, methamphetamine, and a digital scale. He was charged in Cuyahoga C.P. No. CR-20-655197 in connection with this incident and subsequently pleaded guilty to Counts 1 and 3, drug trafficking in violation of R.C. 2925.03(A)(2), fourth- and fifth-degree felonies, respectively; Counts 2 and 4, drug possession in violation of R.C. 2925.11(A), both fifth-degree felonies; Count 5, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; Count 6, carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; Count 7, receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony; and Count 8, possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony.

{¶ 5} After the plea hearing, the trial court referred Artis to the probation department for a presentence investigation report ("PSI"). At the subsequent

sentencing hearing, the trial court heard arguments from the prosecutor and defense counsel regarding the appropriate sentence to be imposed, as well as victim impact statements from the brother of the deceased victim and the mother of the two children involved in the accident. The court also heard from Artis.

{¶ 6} The trial court found that Artis was not amenable to community-control sanctions and that a prison sentence was consistent with the purposes and principles of sentencing, telling him:

> So, Mr. Artis, you know, there's something that your attorney said and also [the victim's brother] said that I believe are equally correct. The standard is reckless under the aggravated vehicular homicide [statute]. And what [the victim's brother] said was, you know, in a nutshell, we understand that accidents happen, but you need to take into account the entire picture.
>
> The entire picture, to me, as it relates to this incident and the two subsequent incidents — so this first incident happened on May 2nd, and on May 15th you were discharging a weapon at a gas station. And then after you were on bond, on September 2nd, then you were at the same gas station or near that same gas station trafficking in drugs, improperly handling a firearm in a motor vehicle. You had a firearm with a drum extended magazine. And this is while you're on bond.
>
> And so I think it seems that you're only understanding about needing to change your ways when you're in front of a courtroom and asking for leniency. You know, you're 21 at the time, 22 now. I can tell you that I know young people feel that they're invincible, but I think you've learned that all the other humans walking this early are not invincible, but you acted in a manner that is a combination of the maximum disregard for human life when you rammed your vehicle at excessive speed into the back of a car which the victim stated that she saw you get out of the car while she was pulling her child out and giving CPR, and you ran away. To me, that's the maximum disregard for human life in favor of your own self interests. And in addition to that, it demonstrates a complete disregard for the law.
>
> And the two subsequent incidents demonstrate your continued criminal intent. And, in fact the third — the trafficking case, the drug

trafficking came out because of citizen complaints for all the activity that was happening. All three of these cases happened between East 138th and East 139th and Kinsman, all three of these cases.

So it's just demonstrating to me that you are one of the people that is contributing, not only to the crime in this area — in the first case, loss of life — but just the quality of the life that people around you are living in favor of your own self-interest.

(Tr. 45-46.)

**{¶ 7}** In CR-20-650687, the court sentenced Artis to the maximum sentence of 60 months on Count 1, the maximum of 18 months on Counts 2 and 3, and the maximum of 36 months on Count 4, and ordered that the sentences be served consecutively.

**{¶ 8}** In CR-20-655197, the court sentenced Artis to 12 months on Count 1; six months on Counts 2, 3, 4 and 8; and 12 months on Counts 5, 6, and 7. The court ordered that the sentences were to be served concurrently but consecutive to the 11-year sentence in CR-20-650687.

**{¶ 9}** In CR-21-657133, the trial court sentenced Artis to 12 months' incarceration on both counts, concurrent to each other and concurrent to the other cases. Thus, the court sentenced Artis to a total term of 12 years in prison. This appeal followed.

## II. Law and Analysis

**{¶ 10}** In his single assignment of error, Artis contends that the maximum sentences in CR-20-650687 and consecutive sentences in CR-20-650687 and CR-20-655197 are contrary to law.

### A. Maximum Sentences

**{¶ 11}** We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by certain sentencing statutes,[1] or the sentence is "otherwise contrary to law."

**{¶ 12}** "A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16; *see also State v. Pate*, 8th Dist. Cuyahoga No. 109758, 2021-Ohio-1089, ¶ 3 (a court's imposition of any prison term, even a maximum term, for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense and the trial court considers R.C. 2929.11 and 2929.12).

---

[1] R.C. 2929.13, 2929.14(B)(2)(e) or (C)(4), and 2929.20(I), if applicable. R.C. 2929.14(C)(4) is applicable to this case because the trial court imposed consecutive sentences. We discuss the trial court's findings under R.C. 2929.14(C)(4) below.

{¶ 13} R.C. 2929.11 and 2929.12 are not fact-finding statutes and although the trial court must "consider" the factors, it is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence. *Pate* at ¶ 6. Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *Id.*, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.). Furthermore, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶ 14} Artis makes no argument that his maximum sentences in CR-20-650687 did not fall within the statutory range, and our review of the offenses and corresponding sentences demonstrates that the sentences were within the statutory range. The term of imprisonment for a third-degree felony involving a violation of R.C. 2903.06 is a range between 12 and 60 months and for a third-degree felony involving a violation of R.C. 4549.02 a range between nine and 36 months. *See* R.C. 2929.14(A)(3)(a) and 2929.14(A)(3)(b), respectively. The term of imprisonment for a fourth-degree felony involving a violation of R.C. 2903.08 is 6 to 18 months. The maximum sentences imposed by the trial court fell within these ranges.

{¶ 15} In addition, the transcript reflects that the trial court specifically considered the purposes and principles of felony sentencing under R.C. 2929.11 and

2929.12 before sentencing Artis to maximum terms. (Tr. 45-46.) Additionally, the trial court's journal entries of sentencing in each case state that the court considered "all required factors of the law" in imposing its sentence and found that "prison is consistent with the purpose of R.C. 2929.11." Accordingly, the trial court's imposition of maximum sentences was not contrary to law.

{¶ 16} Nevertheless, Artis contends that the maximum sentences for aggravated vehicular homicide and two counts of aggravated vehicular assault were contrary to law and imposed in violation of his Sixth Amendment rights because the maximum sentences were based on the court's finding that he acted "more than recklessly," instead of merely "recklessly." Artis contends that the culpable mental state for the aggravated vehicular homicide and aggravated vehicular assault offenses with which he was charged is recklessness, but in sentencing him to maximum sentences because he acted "more than recklessly" in committing the offenses, the trial court sentenced him on greater offenses than those upon which he was indicted and to which he pleaded guilty. Artis's argument is without merit.

{¶ 17} Artis bases his argument on the trial court's statement to him at the sentencing hearing *after* sentencing was complete. After telling him that he would be remanded to Lorain Correctional Institution, the trial judge told Artis:

> Sir, you know there's recklessness and reckless driving. You're looking down at your phone when you shouldn't be. You're not paying attention, whatever it is. And it seems — I don't know if you were driving around without insurance, but this goes beyond recklessness. This is a — you demonstrated a complete disregard for the law and complete disregard for the other inhabitants of the area in which you live by demonstrating the excess speed that you were driving at, that

you just took off when you saw a woman cradling her child and then proceeded days later to just fire off weapons at a gas station. And then on top of it, there's so many complaints in the area that the police had to pay special attention to that area, and, lo and behold, they find you with a drum magazine after you've been on bond to me.

So to me, this is not just reckless behavior. This is behavior that has terrorized the community. It has impacted a family more than you could possibly ever understand. You can feel remorse, but you'll never understand it. Do you understand, sir?

THE DEFENDANT: Yes.

THE COURT: So I think that this sentence is not — if it's not appropriate, less than maybe what I would have given you otherwise. Do you understand?

THE DEFENDANT: Yes, ma'am.

(Tr. 52-53.)

{¶ 18} Reading the statement as a whole, it is apparent that the trial court told Artis that considering the three incidents together, the totality of his behavior was more than merely reckless because it "terrorized" the community in which he lived and left behind a devastated family that had lost a loved one. The court's comments did not relate only to Artis's maximum sentences for aggravated vehicular homicide and aggravated vehicular assault, as he contends, and in no way demonstrate that the court improperly considered a culpable mental state other than recklessness when it imposed the maximum sentences. In fact, when the court sentenced Artis, it correctly told him that "[t]he standard is reckless under the aggravated vehicular homicide [statute]." (Tr. 44.) The court then told him that his conduct warranted maximum sentences because driving his car at an excessive speed, ramming it into another vehicle, and then running off when one of the victims

called for his help demonstrated "the maximum disregard for human life in favor of your own self-interests * * * and a complete disregard for the law." (Tr. 45-46.) The record clearly demonstrates that the trial court considered the correct culpable mental state in imposing maximum sentences for Artis's offenses of aggravated vehicular homicide and aggravated vehicular assault.

{¶ 19} Furthermore, despite Artis's argument otherwise, the record supports the trial court's imposition of maximum sentences. The PSI demonstrated and defense counsel admitted that Artis had been previously adjudicated a delinquent and that he had a prior misdemeanor conviction for drug possession, drug trafficking, and carrying a concealed weapon. The record also reflects that Artis was driving a vehicle at nearly 30 m.p.h. over the speed limit when he struck another vehicle, killing a passenger and severely injuring two children in the vehicle. Furthermore, despite a request for help from the driver of the vehicle he hit, Artis callously chose to run away.

{¶ 20} Because Artis's maximum sentences were in the statutory ranges, the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and 2929.12, and the record supports the imposition of maximum sentences, the trial court's imposition of maximum sentences in CR-20-650687 is not contrary to law.

### B. Consecutive Sentences

{¶ 21} Artis also contends that the trial court erred in imposing consecutive sentences in CR-20-650687 and CR-20-655197 because the court failed to make the

necessary statutory findings. He also asserts that even if the court made the proper findings, the record does not support consecutive sentences.

{¶ 22} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-24. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the following applies:

(1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

(2) At least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

(3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} To impose consecutive terms of imprisonment, a trial court must both make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at syllabus.

{¶ 24} The record reflects that at the sentencing hearing, the trial court made the statutory findings to impose consecutive sentences in CR-20-650657 (tr. 48) and

to order that the sentences in CR-20-655197 be served consecutive to those in CR-20-650687. (Tr. 48, 50.) The record also reflects that the court incorporated its findings into its sentencing entries in both cases.

{¶ 25} Nevertheless, Artis contends that the consecutive sentences were contrary to law because the court's findings "are not supported by any factual basis." (Appellant's brief, p. 15.) "For example," he argues, "the finding that the sentence is not disproportionate is not supported by any kind of comparison to any other similar crimes committed by any similarly situated offenders." *Id.* He also contends that the trial court did not adequately explain why consecutive sentences were necessary to accomplish the purposes and principles of Ohio's criminal sentencing goals.

{¶ 26} Initially, we note that Artis's "disproportionate" argument is misplaced. In deciding whether to impose consecutive sentences, the trial court must find that consecutive sentences are not disproportionate to the seriousness of *the offender's* conduct and to the danger he poses to the public. "Accordingly, the appropriate focus when reviewing consecutive sentences is on the seriousness of [Artis's] conduct and the danger he poses, not [on] those who have committed similar offenses." *State v. Bolden*, 8th Dist. Cuyahoga No. 110841, 2022-Ohio-2271, ¶ 29.

{¶ 27} Artis relies on *State v. Metz*, 2019-Ohio-4054, 146 N.E.3d 1190, ¶ 94 (8th Dist.), to support his argument that the trial court did not adequately explain its reasons for imposing consecutive sentences. "To the contrary, in *Metz* we explained that a reviewing court must determine whether the record clearly and

convincingly supports the consecutive sentences." *Bolden* at ¶ 30, citing *Metz* at ¶ 97, 110. "A trial court 'has no obligation to state reasons to support its findings,' but the necessary findings 'must be found in the record and incorporated into the sentencing entry.'" *Bolden* at *id.,* quoting *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶ 28} An appellate court may modify or vacate the sentence if it clearly and convincingly finds that the record does not support the trial court's findings under R.C. 2929.14(C)(4). *Bonnell* at ¶ 28. We make no such finding in this case.

{¶ 29} The record reflects that on May 2, 2020, Artis rammed into a car, causing the death of an adult and serious injuries to two children. Less than two weeks later, he was involved in an altercation at a gas station, shooting multiple times at a male in the gas station parking lot. Then, on September 2, 2020, while he was on bond to the trial court for the earlier incidents, he was apprehended in possession of a stolen loaded handgun with an extended clip, cocaine, methamphetamine, and a digital scale. As the trial court recognized, Artis's actions demonstrated a "complete disregard for the rules set by this court [and] the law * * *." (Tr. 49-50.) Accordingly, the record supports the trial court's consecutive-sentence findings.

{¶ 30} Artis further challenges the imposition of consecutive sentences by asserting that the trial court did not adequately consider that (1) the PSI placed him at only a moderate risk level to reoffend, (2) he is a young adult with little involvement with the criminal justice system before these offenses, and (3) he

complied when the trial court placed him on GPS monitoring during the pendency of the cases, even obtaining a job during that time. He asserts that under such circumstances, a 12-year prison term for a 22-year-old man who recklessly, rather than intentionally, committed aggravated vehicular homicide and aggravated vehicular assault is in excess of what is necessary to accomplish the purposes and principles of Ohio's criminal sentencing goals. (Appellant's brief, p. 15.)

{¶ 31} These contentions would appropriately be addressed in an assignment of error asserting that the trial court did not consider the purposes and principles of felony sentencing as set forth in R.C. 2929.11 and 2929.12. Artis did not raise any such assignment of error, however, and we decline to raise it for him. Moreover, the trial court stated at the sentencing hearing and in its sentencing entries that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12 in imposing the maximum consecutive sentences.

{¶ 32} Accordingly, although Artis may believe that his conduct did not warrant consecutive sentences, this court finds that the trial court complied with the mandates of R.C. 2929.14(C)(4), and that its imposition of consecutive sentences is not contrary to law and is supported by the record. Appellant's assignment of error is therefore overruled.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR