[Cite as *State v. Roby*, 2023-Ohio-1889.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111891 |
| v. | : | |
| DENZELLE ROBY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-658126-B and CR-22-670915-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carla Neuhauser, Assistant Prosecuting Attorney, *for appellee*.

Buckeye Law Office and Craig W. Smotzer, *for appellant*.

ANITA LASTER MAYS, A.J.:

{¶ 1} Defendant-appellant Denzelle Roby ("Roby") appeals his sentence and asks this court to vacate his sentence and remand to the trial court for resentencing. We affirm the trial court's decision and Roby's sentence.

{¶ 2} On July 2, 2020, in Cuyahoga C.P. No. CR-20-650048, the trial court placed Roby on community-control sanctions for a conviction of domestic violence, in violation of R.C. 2929.25(A). While under supervision for this case, Roby was indicted on two additional cases, Cuyahoga C.P. Nos. CR-21-658126 and CR-22-670915.

{¶ 3} On March 23, 2022, in Cuyahoga C.P. No. CR-21-658126, Roby was indicted on the following four counts: two counts of having weapons while under disability, third-degree felonies, in violation of R.C. 2923.12(A)(2) and (3); one count of carrying concealed weapons, a fourth-degree felony, in violation of R.C. 2923.12(A)(2); and one count of improper handling of a firearm in a motor vehicle, a fourth-degree felony, in violation of R.C. 2923.16(B).

{¶ 4} On June 13, 2022, in Cuyahoga C.P. No. CR-22-670915, Roby was indicted on the following three counts: one count of having weapons while under disability, a third-degree felony, in violation of R.C. 2923.12(A)(2); one count of carrying a concealed weapon, a fourth-degree felony, in violation of R.C. 2923.12(A)(2); and one count of receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51(A).

{¶ 5} On July 26, 2022, Roby pleaded guilty in Cuyahoga C.P. No. CR-21-685126 to one count of having weapons while under disability, in violation of R.C. 2923.12(A)(2), a third-degree felony. The remaining counts were nolled. In Cuyahoga C.P. No. CR-22-670915, Roby pleaded guilty to having weapons while

under disability, in violation of R.C. 2923.12(A)(2), a third-degree felony; and an amended count of theft, in violation of R.C. 2913.52, a first-degree misdemeanor.

{¶ 6} On August 25, 2022, at the sentencing hearing, the trial court sentenced Roby to 36 months in prison and awarded Roby jail-time credit for each case. At sentencing, in regards to Roby's sentence, the trial court stated:

> All right. Mr. Roby, I have reviewed your file. I have reviewed all your information. I have some options for you; not the ones, unfortunately, that you're considering.
>
> I want you to know that I did not think that your version of what you had to say to me was entirely sincere. And I wanted to listen to you and review everything, but when I'm being manipulated — I prefer people to be just straight forward with me.
>
> I've got your history here. I understand that you've suffered a lot of trauma and I'm willing to work with you in some ways, which is why I asked everybody to come up here. But, ultimately, the circumstances here are just too much for me especially you getting into a police car with a loaded firearm in your pocket with one in the chamber —
>
> * * *
>
> It was definitely their job to search you for sure, but the situation itself is just incredibly frightening to the Court. So at this time the Court having considered all of the required factors under 2929.11, 2929.12, 2929.13, at this time I sentence the defendant on each of the weapon under disability counts to 36 months at Lorain Correctional Institution.
>
> I am going to order that those sentences be served concurrently to each other and 180 days on the receiving stolen property.
>
> I will give you credit in Case Number 658126 for 100 days and 670915 for 90 days. I am going to have you screened for a program at the Allen Correctional Facility. It's called Sugar Creek. And Ms. Gray and

I think you may qualify for the program. So that would be what I would like you to participate in.

They have all the services that your mother and/or your family has requested. So there's job training, school, and everything that you could possibly imagine. If you qualify for the program, that would be the best program for you.

I'm also going to have Metro WRAP services linked back up with you before you're released so that you have mental health services when you're done.

I'm going to remind you that you face up to two years of postrelease control, which means the parole board will supervise you and could supervise you for up to two — two years. They could send you back to prison for up to half of any sentence that I've given to you if you violate any of their rules or their regulations.

I'm going to remind you as well that if you're on postrelease control and you commit a new felony, the sentencing judge can terminate postrelease control and give you a consecutive sentence up to the greater of 12 months or the remaining period of your postrelease control.

Metro's WRAP services are done with a woman by the name of Robin Elmore and she typically goes to meet people before they're released. She is one of the best of our forensic liaisons, so I'm certain that you'll be able to be reconnected to services.

I'm going to include on my entry that you will be considered for and screened for the Sugar Creek program. I would like you to qualify for that. And if you do, that would be I think the best of the services that you could receive.

I'm going to waive your court costs and order that you be remanded and transported. Good luck, Mr. Roby.

(Tr. 48, 50-53).

{¶ 7} Roby filed this timely appeal and assigned one error for our review:

The record clearly and convincingly fails to support the imposition of the maximum sentence upon the appellant.

## I.    Standard of Review

**{¶ 8}**    An individual's right to appeal is found in R.C. 2953.08. "We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Artis*, 8th Dist. Cuyahoga No. 111298, 2022-Ohio-3819, ¶ 11, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21.

> Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by certain sentencing statutes, or the sentence is "otherwise contrary to law."

*Id.*

**{¶ 9}**    The trial court must consider several factors when sentencing a defendant maximum or minimum term.

> "A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12."

*Id.* at ¶ 13, quoting *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16; *see also State v. Pate*, 8th Dist. Cuyahoga No. 109758, 2021-Ohio-1089, ¶ 3 (a court's imposition of any prison term, even a maximum term, for a

felony conviction is not contrary to law if the sentence is within the statutory range for the offense and the trial court considers R.C. 2929.11 and 2929.12).

{¶ 10} R.C. 2929.11 and 2929.12 list several factors that the trial court must consider. However, "R.C. 2929.11 and 2929.12 are not fact-finding statutes and although the trial court must 'consider' the factors, it is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence." *Artis* at ¶ 13, citing *Pate* at ¶ 6. "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Id.*, *citing State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.). "Furthermore, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Id., citing State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

## II. Law and Analysis

{¶ 11} In Roby's sole assignment of error, he argues that the trial court erred by sentencing him to a maximum sentence because the record clearly and convincingly demonstrates that the imposition of the maximum penalty is unwarranted and does not serve the requirements of R.C. 2929.11. Roby makes no argument that his maximum sentences did not fall within the statutory range. We

note that our review of the offenses and corresponding sentences demonstrates that the sentences were within the statutory range.

{¶ 12} A review of the transcript reflects that the trial court specifically considered the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12 before sentencing Roby to maximum terms. (Tr. 50.) Additionally, the trial court's journal entries of sentencing in each case state that the court considered "all required factors of the law" in imposing its sentence and found that "prison is consistent with the purpose of R.C. 2929.11." Accordingly, the trial court's imposition of maximum sentences was not contrary to law.

{¶ 13} Nevertheless, Roby contends that he was working on establishing the structure and routine of participating with his mental health care provider. He also argues that the trial court sentenced him to the maximum because in one case, Roby did not inform the police that he had a loaded weapon on his person until he was transported to the police station. Roby acknowledges that his crimes were serious, but contends that the judge was more upset about the loaded weapon than the crimes themselves. Roby further argues that this language from the court demonstrates that the court did not consider the factors under R.C. 2929.11.

{¶ 14} Roby's arguments are misplaced. The record reflects that the court did consider the factors under R.C. 2929.11, which states, in part:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the

offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 15} The court stated at sentencing:

So there's job training, school, and everything that you could possibly imagine. If you qualify for the program, that would be the best program for you. I'm also going to have Metro WRAP services linked back up with you before you're released so that you have mental health services when you're done.

(Tr. 51.) This demonstrates that the trial court considered Roby's effective rehabilitation. The trial court also heard testimony of Roby's reckless disregard towards the court's orders to not carry a weapon. The record demonstrates that the trial court weighed the factors and acted accordingly. Roby had a previous probation opportunity but was charged with two new cases; there was a need to protect the public regarding his violation and not informing officers that he was in possession of a weapon; and finally, the court's referral for in-house prison services to promote effective rehabilitation all demonstrate the court's consideration of the

factors. We find that Roby has not demonstrated that the trial court did not consider the factors of R.C. 2929.11.

{¶ 16} Roby cites *State v. Jones*, 2016-Ohio-5923, 76 N.E.3d 417 (8th Dist.) in support of his contention. In *Jones*, we stated:

> We recognize the discretion afforded to trial courts to impose sentences that are within the authorized statutory range, and that trial courts are not required to make findings or give its reasons for imposing more than the minimum or maximum sentences. Still, trial courts are "not endowed with unreviewable discretion to sentence within the statutory range." *State v. Morefield*, 2d Dist. Clark No. 2015-CA-4, 2015-Ohio-4713, ¶ 7.

*Id*. at ¶ 112.

{¶ 17} In *Jones*, the court decided that it was unable to determine from the record whether the maximum sentence imposed by the trial court was supported by the record. However, in our instance case, the record is clear that the trial court's sentence was supported. Additionally, during oral argument, counsel withdrew his reliance on *Jones*.[1]

{¶ 18} Therefore, Roby's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] *Jones* was reversed in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. The Supreme Court of Ohio found that under R.C. 2953.08(G)(2)(a), R.C. 2929.11 and 2929.12 are not among the statutory provisions listed to be reviewed. Therefore, an appellate court is without authority to review a trial court's determination under R.C. 2929.11 and 2929.12.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
MARY J. BOYLE, J., CONCUR