[Cite as *State v. Long*, 2024-Ohio-3303.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113406 |
| v. | : | |
| LARENZANEY LONG, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2024

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-22-670511-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Margaret Graham, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant*.

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Larenzaney Long ("Long") appeals her sentence and asks this court to vacate the sentence and remand this case for a new sentencing hearing. We affirm Long's sentence.

{¶2} On October 11, 2022, Long pleaded guilty to an amended count of attempted felonious assault, a third-degree felony, in violation of R.C. 2923.02 and 2903.11(A)(1). At the plea hearing, Long was referred to the court psychiatric clinic and a sentencing hearing was scheduled for November 11, 2022. Journal Entry No. 131005588 (Oct. 12, 2022). On November 7, 2022, the sentencing hearing was rescheduled to November 22, 2022, at Long's request because she missed her court-ordered psychiatric appointment. The court ordered Long to reschedule the appointment. On November 22, 2022, the trial court again, rescheduled the sentencing hearing to December 22, 2022, at Long's request because she wanted to get her personal affairs in order and test negative for all illegal substances. On December 22, 2022, Long arrived late to court, and the trial court issued a capias. Long objected and the trial court ordered Long to turn herself in on December 27, 2022, at 10:00 am. The trial court indicated that Long would be held in custody until the new sentencing hearing on January 19, 2023. The trial court's December 22, 2022, journal entry states:

> Defendant present in court. Prosecutor(s) [M. A.] present. Court reporter [J. S.] present. Defendant to turn herself in on 12/27/22 at 10:00. State of Ohio ordered to notify victim of date/time of sentencing. Sentencing set for 01/19/2023 at 08:30 AM.

Journal Entry No. 135708603 (Dec. 22, 2022).

{¶3} On December 27, 2022, Long filed a motion to reconsider and notice of her attempt to comply. In Long's motion, she stated that she arrived at the court as instructed and tried to turn herself in to the jail. However, the clerk of courts, the main sheriff's desk, and then a police sergeant advised her that the trial court's December 22, 2022 journal entry was not sufficient enough for her remand and that no warrant or capias existed that would allow the jail to hold Long.

{¶4} Long's motion also requested the trial court to take notice of her attempts to comply with its December 22, 2022 order and to reconsider the order. Long moved the court to simply hold the sentencing hearing on January 19 without ordering her remanded. The record does not reflect whether the trial court granted or dismissed Long's motion, but it did issue a journal entry on January 5, 2023, stating that the sentencing date is still January 19, 2023. The trial court also ordered Long to be screened for eligibility to be placed in the community-based correctional facility ("CBCF"). Journal Entry No. 136598117 (Jan. 5, 2023).

{¶5} On January 19, 2023, the trial court continued the sentencing hearing to February 2, 2023, because the court was engaged in trial on another case. On February 2, 2023, Long failed to appear in court for the sentencing hearing and a capias was issued. On September 16, 2023, Long was taken into custody and a new felony case was added. Journal Entry No. 159704248 (Sept. 26, 2023).

**{¶6}** On October 6, 2023, Long filed a motion to reinstate bond. In Long's motion, she states that she is pregnant with her third child and failed to appear at the February 2, 2023 sentencing hearing because she was pregnant and learned about another indictment against her. Long stated that she was scared she would be sent to prison while pregnant and unable to make arrangements for the care of her other two children.

**{¶7}** The trial court set a hearing on the motion for October 18, 2023. At the motion hearing, Long waived her presence, and the trial court denied the motion. The trial court also scheduled the sentencing hearing for October 23, 2023. On October 31, 2023, the sentencing hearing took place. The record does not reflect why the hearing was rescheduled for a later date.

**{¶8}** At the sentencing hearing, the trial court imposed a prison sentence of 30 months. The journal entry reflects that the trial court considered all required factors of the law and found that prison is consistent with the purpose of R.C. 2929.11. Journal Entry No. 163375075 (Oct. 31, 2023).

**{¶9}** The trial court allowed the victim to speak at the sentencing hearing. She stated: "All I really wanted to say is that since that day, everything has happened, it's never, ever been the same in my life." Tr. 64. The trial court asked, "[w]hat do you mean by that?" To which the victim responded:

> I'm supposed to be in school. I don't go to school anymore because I can't focus right since I had got hit by the vehicle. My head has been blurring, banging bad. So I've been trying to get myself still right since it happened. And I have a heart murmur, liver condition and kidneys

and I've been bleeding out real bad to the point I went to the hospital every other week or so. It's just — it's not the same anymore. My life is not the same. It's been downhill since everything happened.

Tr. 65.

**{¶10}** The trial court asked the victim to speak about her injuries. To which she replied: "Yes, I had a head injury. I was on blood clot — I had a blood clot in my eye real bad, I couldn't see. My lip was busted open." *Id.* The victim continued stating that she still is having problems with her eye and is in the process of trying to obtain therapy for it. Tr. 66. Long apologized to the victim. Tr. 67.

**{¶11}** The trial court proceeded with sentencing, and the following exchanged occurred:

THE COURT: Well, Ms. Long, a couple of things I note. Again, originally we took your plea on October 11th of 2022, and sentencing was set for November 10th of 2022. And I believe — I don't recall whether or not you were out on bond or not prior to that point in time. But obviously you were out after the plea. We referred you to the Court Psychiatric Clinic for an appointment for a report to be prepared. We had to continue the original sentencing at [defense counsel's] request. And the reason that is stated in the Court's journal entry is that you missed the psychiatric appointment, and so you were re-ordered to schedule a new appointment, State was to notify victim of the date and of the new sentencing date, which at that point in time would have been November 22nd. So November 22nd we gave you the opportunity to get your personal affairs in order and test negative for all substances.

You continued it to be rescheduled for December 22nd. On December 22nd we were in court and you were ordered to turn yourself in on December 27th at 10:00 a.m. On December 27th, we came in, [defense counsel] asked for a motion for reconsideration for your — not sure — just filed a motion for reconsideration. In any event —

DEFENSE COUNSEL: I can explain that, your Honor. I would be happy to, if you want.

THE COURT: That's okay, thank you. So there's an entry — the next entry is dated January 5th. Sentencing remains set for 1/19 and ordered to be screened for CBCF eligibility. Maybe that's why we continued the original sentencing date. There's a nunc pro tunc entry, not sure what it's for. There's another entry on January 20th that says sentencing previously set on 1/19/23 is continued to 1/26 at the Court's request. We must have been engaged in a trial.

DEFENSE COUNSEL: I believe so, Judge.

THE COURT: There's another sentencing that was previously set — JE that indicates that we are still in trial. That was from 1/26, continued sentencing for February 2nd. On February 2nd she failed appear. So there's that. So I will also just say for the record, I agree, [defense counsel], I hope you know that I have a very high opinion of you, particularly your advocacy, and I believe it to be a genuine advocacy on behalf of your client. I do genuinely appreciate that. I appreciate the time that your office put in here with respect to reintegration plan. Regrettably, I so wholeheartedly agree with your assessment that we are putting her in a much worse situation, and her children are just screwed. But by the way, I'm also a little offended that knowing by the way that the JE reads, that the writing was on the wall that you were going to spend a little timeout. You were responsible enough sometime during that period of time to get pregnant. I'm not that good in math, if you just had a child in October, sometime around January, February, whatever, you chose to be irresponsible and have another child. I can't begin to express how frustrated and aggravated I am that now you have put all of us here, all the rest of us taxpayers in a situation that we are hoping and praying to God that your children survive foster care and are not standing in front — next to [defense counsel] in 18 years facing the same situation that you are, because you had a terrible upbringing. Without specific recollection, by reading the JE, it clearly was my thought process — and probably again [defense counsel], I mean this truly in a [complimentary] sense, because of your advocacy, my guess is that probably originally I was intending to send her to the penitentiary, however, I'll again give you the credit of talking me into the consideration of CBCF, which I'm likely to have done back at that point in time. However, after considering the purposes and principles set forth in felony sentencing, one of the factors I'm to consider is

genuine remorse. I can't imagine how that can be construed for having been capias after all this time. So I find that you're not amenable to community control sanctions. I'm going to impose a 30-month prison sentence on this case. Because you will be receiving a prison sentence, you will be subject to PRC for a mandatory period of one year up to a maximum of three. If you violate any PRC rules or conditions, you could go back up for half the time. For rule violations on this felony, that time can be run consecutive. You're getting credit for time served, which I do not have that calculation immediately in front of me. I'm not imposing any further fines, fees or costs.

Tr. 68-72.

**{¶12}** Long filed this appeal assigning one error for our review:

Long's sentence is contrary to law because the trial court based the sentence on unlawful considerations.

## I.    Sentence Contrary to Law

### A.    Standard of Review

**{¶13}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by relevant sentencing statutes or the sentence is otherwise contrary to law. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Conversely, if the sentence is within

the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law. *State v. Woodard*, 2018-Ohio-2402, ¶ 35 (8th Dist.); *see also State v. Clay*, 2020-Ohio-1499, ¶ 26 (8th Dist.), citing *Pawlak* at ¶ 58.

## B.  Law and Analysis

{¶14} In Long's sole assignment of error, she argues that her sentence is contrary to law because the trial court expressed that it was offended, frustrated, and aggravated by Long choosing to have another child.  A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.  *Pawlak* at ¶ 58.

{¶15} "This court also recognized that 'otherwise contrary to law' means 'in violation of statute or legal regulations at a given time.'" *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990).  "Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶16} Long pleaded guilty to attempted felonious assault, a third-degree felony, in violation of R.C. 2923.02 and 2903.11(A)(1). According to R.C. 2929.14(A)(3)(b), "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶17} The trial court sentenced Long to 30 months in prison, which is within the statutory range for the offense. Next, we determine if the trial court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12. "R.C. 2929.11 and 2929.12 list several factors that the trial court must consider." *State v. Roby*, 2023-Ohio-1889, ¶ 10 (8th Dist.).

> However, "R.C. 2929.11 and 2929.12 are not fact-finding statutes and although the trial court must consider the factors, it is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence."

*Id.*, quoting *State v. Artis*, 2022-Ohio-3819, ¶ 13 (8th Dist.), citing *State v. Pate*, 2021-Ohio-1089, ¶ 6 (8th Dist.).

{¶18} "'Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise.'" *Id.*, quoting *Artis* at ¶ 13, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). "'Furthermore, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12.'" *Id.*, quoting

*Artis* at ¶ 13, citing *State v. Sutton*, 2015-Ohio-4074, ¶ 72 (8th Dist.); *State v. Clayton*, 2014-Ohio-112, ¶ 9 (8th Dist.).

{¶19} As stated above, before the trial court sentenced Long, it stated, in part:

> But by the way, I'm also a little offended that knowing by the way that the JE reads, that the writing was on the wall that you were going to spend a little timeout. You were responsible enough sometime during that period of time to get pregnant. I'm not that good in math, if you just had a child in October, sometime around January, February, whatever, you chose to be irresponsible and have another child. I can't begin to express how frustrated and aggravated I am that now you have put all of us here, all the rest of us taxpayers in a situation that we are hoping and praying to God that your children survive foster care and are not standing in front — next to [defense counsel] in 18 years facing the same situation that you are, because you had a terrible upbringing. Without specific recollection, by reading the JE, it clearly was my thought process — and probably again [defense counsel], I mean this truly in a [complimentary] sense, because of your advocacy, my guess is that probably originally I was intending to send her to the penitentiary, however, I'll again give you the credit of talking me into the consideration of CBCF, which I'm likely to have done back at that point in time.

Tr. 70-71.

{¶20} Although the trial court referenced her pregnancy, those statements were not used as nonstatutory factors to determine Long's sentence. Additionally, Long's sentence was not imposed based on impermissible considerations — i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. *See Bryant*, 2022-Ohio-1878, ¶ 22. The trial court stated at the sentencing hearing that it considered the purposes and principles set forth in

felony sentencing guidelines. Tr. 71. Additionally, the journal entry states the court considered all required factors of law and finds that prison is consistent with the purpose of R.C. 2929.11.

{¶21} The record does not demonstrate that the trial court used the fact that Long was pregnant as consideration for sentencing. Nor does the record reflect that Long's sentence was retaliatory. The trial court stated that it originally was considering CBCF. However, because Long failed to appear and a capias was issued, the trial court found that Long was not amenable to community control sanctions. Tr. 71-72. The trial court also stated that it considered Long's genuine remorse, but because Long was capias for more than six months, it "couldn't imagine how that can be construed." Tr. 71. As such, the trial court did not err in sentencing Long to 30 months' imprisonment because the sentence is not contrary to law because it is well within the statutory range for the offense and the record demonstrates that the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12.

{¶22} Therefore, Long's sole assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR