PATRICIA ANN BLACKMON, J.:
{¶ 1} Defendant-appellant Jennifer Wright ("Wright") appeals from the maximum, consecutive sentences for possessing criminal tools and identity fraud. Wright assigns the following errors for our review:
I. The record does not support the imposition of consecutive sentences.
II. The trial court, by considering uncharged, unproven, and vague allegations of criminal conduct in sentencing to maximum, consecutive sentences, deprived [Wright] of her liberty without due process and of her constitutional rights to a grand jury indictment, to trial by an impartial jury, to proof of charges beyond a reasonable doubt, to confront the witnesses against her, and to otherwise present a defense.
{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's sentence. The apposite facts follow.
{¶ 3} In April 2017, Wright and codefendant Pierre Dorsey ("Dorsey") were indicted *1111 in an eight-count indictment, in connection with false credit card applications and fraudulent purchases. As is relevant to Wright, Count 5 charged her with second-degree misdemeanor obstructing official business, Count 6 charged her with fifth-degree felony possessing criminal tools; Count 7 charged her with fourth-degree identity fraud, and Count 8 charged her with fifth-degree felony identity fraud.
{¶ 4} Wright pled not guilty, but later reached a plea agreement with the state. She pled guilty to possessing criminal tools as alleged in Count 6, and identity theft as alleged in Count 8, and the trial court ordered a presentence investigation and report.
{¶ 5} At the sentencing hearing on August 8, 2017, defense counsel and Wright raised the issue of Wright's "history of criminal activity regarding thefts and things of that nature," noting that it started in the 90s and resumed "in about 2005 up to 2010." Defense counsel explained to the court that Wright generally did well on her own, but committed offenses due to a pattern of destructive relationships that led her to make poor choices. Counsel also noted that Wright has mental health issues, tested negative for drug use, and has a young child. He asked the court to consider imposing five years of intensively supervised community control. Wright stated that she committed shoplifting offenses, beginning when she was 30, due to a breakdown, and a physically abusive relationship. She also stated that she is employed and made restitution to the victims.
{¶ 6} Mayfield Height police detective Van Snider ("Det. Snider") testified to the circumstances surrounding a fraudulent purchase at Costco in which Dorsey was arrested, but Wright fled the store. Later, when Wright arrived to post bond for Dorsey, Det. Snider observed in the vehicle, in plain view, mail strewn about the car. After obtaining a search warrant, he learned that the mail included numerous credit cards, mail belonging to other individuals, fraudulent W-2s, and fraudulent driver's licenses with Wright's picture. Det. Snider ascertained that thousands of dollars of purchases were made on the credit cards, and that Wright had been making payments on the vehicle using the fraudulent credit cards. Wright also sent correspondence to the credit monitoring company to remove mention of the fraudulent purchases, and this prevented the victims from learning of the identity thefts.
{¶ 7} At the conclusion of the hearing, the trial court sentenced Wright to 12 months for possession of criminal tools, to be served consecutively to 12 months for identity theft.
Consecutive Sentences
{¶ 8} In her first assigned error, Wright argues that the record does not support the imposition of consecutive sentences.
{¶ 9} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. See State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either (1) the record does not support certain specified findings, or (2) the sentence imposed is contrary to law. An appellate court does not review a trial court's sentence for an abuse of discretion. Marcum at ¶ 10. Rather, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. Id. at ¶ 23. In accordance with R.C. 2953.08(A)(1), Wright may appeal as of *1112 right the imposition of consecutive sentences.
{¶ 10} Before a trial court may impose consecutive sentences, the court must first make specific findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry. State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Under R.C. 2929.14(C)(4), the court must find that consecutive sentences are: (1) necessary to protect the public from future crime or to punish the offender; and (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. R.C. 2929.14(C)(4). In addition to making those findings, the court must also find one of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Id.
{¶ 11} Trial courts are required to make the necessary statutory findings when imposing consecutive sentences, but they have no duty to give reasons in support of those findings. Bonnell at ¶ 24. An appellate court may vacate an order of consecutive sentences if it clearly and convincingly finds that the record does support consecutive sentences under R.C. 2929.14(C)(4). See R.C. 2953.08(G)(2)(a).
{¶ 12} At the sentencing hearing in this matter, the trial court inquired as to whether the offenses were committed while Wright was on probation in connection with a prior offense. The court learned that this matter occurred shortly after that probation was terminated. The court then stated as follows:
Well, it is obvious to the Court that you are very good at your chosen profession: Stealing other people's identities and credit. Therefore, I think it is necessary in order to protect the public from future crimes-these are not shoplifting cases-I don't even know where you thought that. * * *
I am sentencing you to twelve months in Count 6, and twelve months on Count 8. I am running those consecutive. I do not believe that 24 months is disproportionate to the seriousness of this crime. This is not your first crime. You have over $30,000 in restitution in your last case, which was amazing. And, you just went out and started doing it right again. * * * Obviously, your two stints in prison as well as [the] probation in front of [another trial court judge] didn't stop the crime. Twenty-four months is not disproportionate to the seriousness of [the] conduct. At least two of these offenses, two were committed as part of one or more courses of conduct and this harm is too great for just twelve months. You said that [defendant] had previous prison sentences, I believe eight months and twelve months, and it didn't stop [her] at all. So, I do believe that the history of [her] conduct demonstrates that consecutive sentences are necessary to protect the public.
*1113 {¶ 13} The court's remarks during sentencing clearly demonstrate that the trial court found that the consecutive sentences are necessary to protect the public from future crime or to punish the offender. Additionally, the court found that consecutive sentences are not disproportionate to the seriousness of Wright's conduct and to the danger she presents to the public. In light of Wright's 2012 convictions for theft, aggravated theft, and receiving stolen property, and her 2015 convictions for identity fraud, receiving stolen property, and in light of the facts and circumstances of the instant offense, these findings are clearly supported in the record. On the record, both R.C. 2929.14(C)(1) and 2929.14(C)(2) are met herein. In addition, the court also found, and the record demonstrates, that at least two of these offenses were committed as part of one or more courses of conduct and this harm was so great or unusual that a single prison term for the offenses committed within the courses of conduct would not adequately reflect the seriousness of Wright's conduct. Additionally, the court found, and the record shows that Wright's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Further, the sentencing journal entries set forth all of the findings required under R.C. 2929.14(C)(4). Therefore, we conclude that the trial court made all of the required R.C. 2929.14(C)(4) findings before imposing consecutive sentences in this matter.
{¶ 14} The first assigned error lacks merit.
Presentence Report and Maximum Sentence
{¶ 15} Wright next argues that the trial court improperly relied upon uncharged conduct, including conduct related to the items found in her car, and additional fraudulent documents, and violated her constitutional rights in imposing maximum terms for her offenses.
{¶ 16} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth R.C. 2929.12. State v. Keith , 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, 2016 WL 4141260, ¶ 10, 16. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, they are not fact-finding statutes. Keith at ¶ 11. The court is not required to make specific findings on the record regarding its consideration of those factors or state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. Id. Consideration of the factors in R.C. 2929.11 and 2929.12 is presumed unless the defendant affirmatively shows otherwise. Id. Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors alone is enough to fulfill its obligations under R.C. 2929.11 and 2929.12. Id. , citing State v. Sutton , 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, 2015 WL 5737104, and State v. Clayton , 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, 2014 WL 197860.
{¶ 17} Further, in State v. Williams , 8th Dist. Cuyahoga No. 98934, 2013-Ohio-2201, 2013 WL 2381611, ¶ 18, this court noted that under R.C. 2929.11, 2929.12, and, 2929.19, the trial court may consider any factors that are relevant to achieve the purposes and principles of sentencing and any factors that are relevant to determine the seriousness and recidivism factors, and shall also consider any presentence report or victim impact statement prior to imposing a sentence.
*1114 {¶ 18} In State v. Robinson , 8th Dist. Cuyahoga No. 99080, 2013-Ohio-2698, 2013 WL 3328848, this court held that the trial court's statement on the record that it considered the presentence investigation report and the sentencing statutes, together with its statement in the sentencing journal entry that it considered "all factors of the law," sufficiently demonstrated that the court considered the applicable factors and principles contained in R.C. 2929.11 and 2929.12, including recidivism factors and the need to punish the offender.
{¶ 19} In this matter, Wright was convicted of two fifth-degree felonies. The trial court's 12-month sentence for this offense is within the statutory range of six-to-twelve months. See R.C. 2929.14(A)(5). Additionally, the trial court ordered a presentence investigation, and prior to announcing its sentence, the trial court stated that it had considered the presentence investigation report. In the court's sentencing journal entry, the court stated that it "considered all required factors of law." The court's statement in its journal entry is enough to find that the court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. See Keith at ¶ 11.
{¶ 20} Wright argues that the trial court erroneously considered uncharged conduct, and failed to follow this court's decisions in State v. Armetta , 8th Dist. Cuyahoga No. 84366, 2005-Ohio-3689, 2005 WL 1705738, ¶ 16, and State v. Gipson , 8th Dist. Cuyahoga No. 75369, 1999 WL 328610 (May 20, 1999).
{¶ 21} In considering uncharged conduct, this court has held that "a sentencing judge can consider a defendant's uncharged conduct as a basis for establishing a history of criminal conduct for purposes of ordering consecutive service." State v. Steele , 8th Dist. Cuyahoga No. 105085, 2017-Ohio-7605, 2017 WL 4074616, quoting State v. Thomas , 8th Dist. Cuyahoga No. 101263, 2014-Ohio-5153, 2014 WL 6483071, ¶ 27. The Thomas court explained:
"[u]nindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence." State v. Gray , 8th Dist. Cuyahoga No. 91806, 2009-Ohio-4200 [2009 WL 2579520], ¶ 13, citing State v. Williams , 8th Dist. Cuyahoga No. 79273, 2002-Ohio-503 [2002 WL 192335]. Moreover, the rules of evidence do not apply in sentencing hearings; therefore, a trial court may rely on hearsay statements contained in a presentence investigation report. State v. Cook , 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625 [2007 WL 475444], ¶ 70, citing State v. Bundy , 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310 [2005 WL 1523813].
Id. See also State v. Edwards , 8th Dist. Cuyahoga No. 89181, 2007-Ohio-6068, 2007 WL 3377209, wherein this court recently stated:
[I]n mentioning that Edwards also abused other family members for which he was not charged, the court was considering Edwards likelihood of recidivism pursuant to R.C. 2929.12(D). R.C. 2929.12 expressly provides that the trial court shall consider certain seriousness and recidivism factors and, in addition, "may consider any other factors that are relevant to achieving [the] purposes and principles of sentencing."
Id. at ¶ 7. Accord State v Scheer , 158 Ohio App.3d 432, 2004-Ohio-4792, 816 N.E.2d 602 (4th Dist.) ; State v. Cook , 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, 2007 WL 475444 ; State v. Williams , 8th Dist. Cuyahoga No. 79273, 2002-Ohio-503, 2002 WL 192335.
{¶ 22} As to Wright's reliance upon Armetta and Gipson , we noted in Thomas , *1115 that Armetta was inapplicable because "we no longer review felony sentences under an abuse-of-discretion standard." Thomas at ¶ 24. Similarly, Gipson was not followed in this court's later decisions of State v. Frankos , 8th Dist. Cuyahoga No. 78072, 2001 WL 958062 (Aug. 23, 2001), and State v. Elder , 8th Dist. Cuyahoga No. 80677, 2002-Ohio-3797, 2002 WL 1728563. Additionally, the record discloses that Wright and her defense counsel raised the issue of her instability and "poor choices," when they asked for community control, and Wright minimized her prior actions as "shoplifting." The trial court could, therefore, consider uncharged conduct, specifically the evidence obtained from the car, in a response to the defense claims.
{¶ 23} In accordance with the foregoing, the second assigned error is without merit.
{¶ 24} Judgment affirmed.
MARY J. BOYLE, P.J., and KATHLEEN ANN KEOUGH, J., CONCUR