[Cite as *State v. Owens*, 2022-Ohio-2415.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 111168 |
| v. | : | |
| JACOB OWENS, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** July 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-646218-A and CR-19-646839-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Amanda Hall, Assistant Prosecuting Attorney, *for appellee.*

Daniel J. Misiewicz, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Jacob Owens, appeals from the trial court's judgments, rendered after his guilty pleas, finding him guilty of sexual battery and attempted escape and sentencing him to six and one-half years in prison. Owens contends that the trial court erred in imposing maximum consecutive sentences. We

affirm Owens's sentences but remand with instructions for the trial court to issue nunc pro tunc sentencing entries that incorporate its consecutive-sentence findings.

## I. Background

{¶ 2} Owens was charged in Cuyahoga C.P. CR-19-646218 with two counts of rape, first-degree felonies, with notice of prior conviction and repeat violent offender specifications, and an arrest warrant was issued. He was eventually apprehended but tried to escape while he was being transported to jail. He was then charged in Cuyahoga C.P. CR-19-646839 with one count of escape, a felony of the second degree.

{¶ 3} Owens pleaded not guilty and the case proceeded to trial. After jury selection, he entered into a plea agreement with the state. In CR-19-646218, he pleaded guilty to one count of sexual battery, a high-tier felony of the third degree, with the notice of prior conviction and repeat violent offender specifications deleted. In CR-19-646839, he pleaded guilty to attempted escape, a fourth-degree felony. The trial court referred Owens to the probation department for a presentence-investigation report ("PSI").

{¶ 4} At the subsequent sentencing hearing, the trial court heard the victim's statement as read by a victim advocate and then heard from Owens. The court also heard argument from the prosecutor and defense counsel regarding the appropriate sentence to be imposed. The court then reviewed the PSI and read portions of the report into the record.

{¶ 5} With respect to the attempted escape offense, the court noted that the PSI indicated that while Owens was being transported to the Cuyahoga County Jail after his arrest on an outstanding rape warrant, he managed to slip out of his handcuffs and open the cruiser door through a cracked window. Upon hearing a noise, the officer looked back and saw Owens hanging out of the cruiser; he then saw Owens tumble onto the highway and run across the highway and down an embankment. The officer stopped the car, gave chase, and re-apprehended Owens. (Tr. 194.)

{¶ 6} Regarding Owens's plea of guilty to sexual battery, the court noted that the PSI offense summary stated that the victim reported that Owens offered her a ride as she was walking home from a bar. After the victim got in his truck, Owens picked up another man, later identified as "suspect two." Owens drove the victim home at her request, but as she was opening her front door, Owens pushed his way into her home, yelling "bitch, don't move or I'll kill you," and suspect two followed. When the victim told Owens that she was menstruating, Owens told her, "I don't care; I'm going to f--- you anyway," and punched her on the right side of her face. As the victim tried to fight Owens while he raped her orally and vaginally on her living room floor, suspect two punched her and held her down. The victim reported that Owens hit her in the back of her head with a "ceramic element," and told her, "I hate bitches like you."

{¶ 7} The trial court noted that Owens's version of the incident, as told to the probation officer who prepared the PSI, was that the victim was a stripper he

met at a strip club. He said they had consensual sex in a hotel bathroom and the victim called him the next day and told him their encounter was a "one-time thing." Owens said it was only later that she complained he had raped her.

{¶ 8} The trial court then reviewed Owens's lengthy criminal history, including his convictions for aggravated burglary and robbery with firearm specifications, felonious assault, misdemeanor assault, aggravated menacing, telecommunications harassment, and domestic violence. The trial court found that Owens's criminal history demonstrated "that he is capable of serious and violent crimes" (tr. 198), and that he "does not treat women well when given the chance." (Tr. 199.) The court imposed the maximum sentence in each case — five years in prison for sexual battery in CR-19-646218 and 18 months for attempted escape in CR-19-646389 — and ordered the sentence in CR-19-646218 to be served consecutive to CR-19-646389. Owens now appeals.

## II. Maximum Sentences

{¶ 9} In his first assignment of error, Owens contends that the maximum sentences imposed in each case were contrary to law because the record does not support maximum sentences and the trial court did not consider the factors set forth in R.C. 2929.11 and 2929.12.

{¶ 10} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court

clearly and convincingly finds either that the record does not support the sentencing court's findings as required by certain sentencing statutes,[1] or the sentence is "otherwise contrary to law."

{¶ 11} "A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16; *see also State v. Pate*, 8th Dist. Cuyahoga No. 109758, 2021-Ohio-1089, ¶ 3 (a court's imposition of any prison term, even a maximum term, for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense and the trial court considers R.C. 2929.11 and 2929.12).

{¶ 12} R.C. 2929.11 and 2929.12 are not fact-finding statutes and although the trial court must "consider" the factors, it is not required to make specific findings on the record regarding its consideration of those factors. *Pate* at ¶ 6. Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *Id.*, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.). Further, a trial court's statement in its sentencing journal entry that it

---

[1] R.C. 2929.13, 2929.14(B)(2)(e) or (C)(4), and 2929.20(I), if relevant. R.C. 2929.14(C)(4) is relevant to this case because the trial court imposed consecutive sentences. The trial court's findings under R.C. 2929.14(C)(4) are addressed below in our discussion of the second assignment of error.

considered the required statutory factors is enough to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶ 13} In CR-19-646218, Owens was sentenced to five years' incarceration for sexual battery in violation of R.C. 2907.03(A)(1). This sentence is within the statutory range for this offense. *See* R.C. 2929.14(A)(3)(a). In CR-19-646839, Owens was sentenced to 18 months in prison for attempted escape in violation of R.C. 2923.02/2921.34(A)(1). This sentence is within the statutory range for this offense. *See* R.C. 2929.14(A)(4).

{¶ 14} Additionally, the journal entries of sentencing in both cases state that "[t]he court considered all required factors of the law." The court's statement is sufficient to find that the court considered R.C. 2929.11 and 2929.12 when sentencing Owens, and he has not demonstrated otherwise. Further, the record reflects that the trial court did, in fact, consider the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 when sentencing Owens. Both Owens and his counsel had an opportunity to address the court prior to sentencing and make arguments regarding mitigation. The trial court also obtained a PSI for Owens and noted his significant criminal history. Owens's argument that the trial court failed to consider R.C. 2929.11 and 2929.12 is without merit. Accordingly, the trial court's imposition of the maximum terms in CR-19-646218 and CR-19-646839 is not contrary to law.

{¶ 15} The first assignment of error is overruled.

## III. Consecutive Sentences

{¶ 16} In his second assignment of error, Owens contends that the trial court erred in imposing consecutive sentences because the trial court failed to make the necessary statutory findings and incorporate those findings into a journal entry.

{¶ 17} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

(1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

(2) At least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

(3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 18} To impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under

R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus.

{¶ 19} In imposing consecutive sentences, the trial court found that a six and one-half year term was not disproportionate to the offenses that occurred in the case and that consecutive sentences were necessary to protect the public. (Tr. 199.) The court further found that Owens's "criminal history shows that consecutive terms are needed to protect the public from his propensity for violence and harassment, particularly towards women." *Id.* It is apparent that the trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences.

{¶ 20} However, the record demonstrates that the trial court failed to incorporate those findings into either the judgment entry of sentencing in CR-19-646218 or CR-19-646839. Nevertheless, a trial court's inadvertent failure to incorporate the statutory findings into the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law. *State v. Watkins*, 8th Dist. Cuyahoga No. 110355, 2022-Ohio-1231, ¶ 30, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 30. The mistake can be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Watkins* at ¶ 31, citing *Bonnell* at *id.* Accordingly, we remand this matter to the trial court to issue nunc pro tunc sentencing entries that incorporate its consecutive-sentence findings.

{¶ 21} The second assignment of error is sustained in part.

{¶ 22} Judgment affirmed; remanded with instructions for the court to issue nunc pro tunc sentencing entries consistent with this opinion.

It is ordered that the parties share equally costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_Kathleen Ann Keough_
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR