[Cite as *State v. Fleming*, 2023-Ohio-3770.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSEPH FLEMING, | : | Case No. CT2023-0022 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2022-0490


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            October 13, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           CHRIS BRIGDON
Prosecuting Attorney                      8138 Somerset Rd
Muskingum County, Ohio                    Thornville, Ohio 43076


By:  JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1}   Joseph Fleming appeals the decision of the trial court sentencing him to an aggregate of 120 months after he entered a plea of guilty to two counts of gross sexual imposition, both violations of R.C. 2907.05 and felonies of the third degree.  The State of Ohio is appellee.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}   The record in this case contains few of the facts leading to the charges against Fleming, so we must rely on the representations of the parties at the sentencing hearing.

{¶3}   Fleming was charged with two counts of gross sexual imposition arising out of incidents involving two victims.  The eldest victim was sixteen years old at the time of sentencing and the second victim was eleven years old and Fleming stipulated to the facts supporting the charges. (Change of Plea Hearing, p. 15, lines 5-24).

{¶4}   At the sentencing hearing, the trial court noted that it received and reviewed the presentence investigation and report, but that document was not made part of the record.  During that hearing Fleming admitted that he had been incarcerated on an unrelated matter and was released from jail in April 2023. After his release, he committed the offenses of petty theft and misuse of a credit card, was arrested and charged. Fleming plead guilty and was sentenced for those charges. At the sentencing hearing in this case, he denied that he had committed those offenses and claimed that he was framed by another person, but admitted that he could not prove his allegations.

{¶5}   After the trial court read a description of the alleged abuse of the minor child, Priest stated "Well, I understand that's what the report says, but that never happened" but

later stated that he did take responsibility. (Sentencing Transcript, p. 12, lines 10-11; 17-18). The trial court imposed sixty month terms for each offense and made the requisite findings to support its decision to have the terms served consecutively creating an aggregate sentence of ten years.

{¶6}    Fleming filed an appeal and submitted one assignment of error:

{¶7}    "I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH O.R.C. §2929.11 AND FACTORS TO BE CONSIDRED(SIC) IN O.R.C. §2929.12."

### STANDARD OF REVIEW

{¶8}    A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. Revised Code 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

{¶9}    "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶10}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶11}** The trial court must consider the purposes and factors contained in R.C. 2929.11 and 2929.12 but this Court has held that when the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. Accord *State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14 and *State v. Crawford,* 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

### ANALYSIS

**{¶12}** In his sole assignment of error, Fleming argues that "given the mitigation surrounding this matter, the * * * "minimum sanctions" to achieve the principles of R.C. §2929.11, were not followed in this matter and the record demonstrates this by a clear and convincing manner." (Appellant's Brief, page 7). He asked that we reverse the trial court and remand for resentencing.

**{¶13}** This court may modify Fleming's sentence only if it "clearly and convincingly finds that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise

contrary to law." Fleming does not argue that R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) apply, so we are restricted to consideration of whether the sentence is clearly and convincingly otherwise contrary to law.

**{¶14}** The sentence imposed by the trial court for each charge is within the statutory guidelines and Fleming does not assert a position to the contrary. Instead, he contends that the trial court disregarded mitigating factors to impose a maximum sentence that fails to comply with the guidelines of R.C. 2929.11 or 2929.12 and that we should reverse the sentence on that basis. Fleming is requesting that we act in a manner that has been prohibited by the Supreme Court of Ohio in *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 where the court clearly stated that R.C. 2953.08(G)(2) does not permit "an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." We are therefore bound to reject Fleming's request.

**{¶15}** Fleming also argues that the trial court neglected to consider R.C. 2929.12 during sentencing because there is "no indication that the trial court considered any factors prescribed in R.C. § 2929.12(B)" and "no record that the factors in R.C. § 2929.12(C) were discussed." (Appellant's Brief, p. 9).

**{¶16}** In our review of the language of R.C. 2929.11 and 2929.12, we have held that:

> While trial courts are required to consider both R.C. 2929.11 and
> 2929.12 before imposing a prison sentence, they are not required to make
> specific findings under any of those considerations. *State v. Wilson,* 129
> Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88

Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips,* 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, 2021 WL 3560891, ¶ 8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

*State v. Crawford, 5th Dist. Muskingum* No. CT2021-0059, 2022-Ohio-3125, 2022 WL 4092532, ¶ 18.

**{¶17}** In a separate case, we concluded that "[a]lthough a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.) *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, 2019 WL 5092631, ¶ 17.

**{¶18}** The trial court was not obligated to describe its rational for the sentence on the record or that it had considered the factors listed in R.C. 2929.12 and Fleming has not affirmatively shown that the factors were not considered.

**{¶19}** For those reasons, Fleming's assignment of error is denied.

**{¶20}** The decision of the Muskingum County Court of Appeals is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.