[Cite as *State v. Keck*, 2025-Ohio-2647.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Robert G. Montgomery, J. |
| | : | | Hon. Kevin W. Popham, J. |
| -vs- | : | | |
| | : | | |
| ALLEN KECK, JR., | : | | Case No. CT2024-0144 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2024-0597


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 July 22, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD WELCH                              TONY A. CLYMER
Muskingum County Prosecutor               1420 Matthias Drive
                                          Columbus, Ohio 43224
By: JOSEPH A. PALMER
Assistant Prosecuting Attorney
27 North Fifth St.
Zanesville, Ohio 43701

*Baldwin, P.J.*

{¶1}    Appellant Allen Keck, Jr., appeals the jury verdict finding him guilty on one count of tampering with evidence, and the sentence imposed by the trial court. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    Appellant Allen Keck, Jr. and K.H. resided together, and the appellant's daughter and her boyfriend were staying with them. On or about August 19, 2024, K.H. had surgery for which she was prescribed Percocet for pain. On or about August 20, 2024, K.H. noticed that some of the Percocet were missing, so she and the appellant confronted the appellant's daughter and boyfriend, telling them that they needed to either produce the pills or leave the residence. The appellant's daughter and boyfriend agreed, but the boyfriend became irritated and left the house through the back door. The appellant, who had been recording the events on his cell phone, followed. K.H. retrieved her phone and followed the appellant and the boyfriend outside. K.H. observed the boyfriend at his car and the appellant at the back of her car; the appellant then asked K.H. to start recording, which she did.

{¶3}    The boyfriend called 911, stating that he was being chased by a man with a crowbar and needed help. Deputies Timothy Simon and Zackery Roush responded. Deputy Simon spoke with the appellant, who told Deputy Simon that he had a video of the incident on his cell phone; the appellant and Deputy Simon watched the video. Deputy Simon told the appellant to stand by while he spoke with Deputy Roush. When Deputy Simon walked away to speak with Deputy Roush the appellant deleted the video from his

phone. When Deputy Simon returned to speak with appellant, and asked to see the video again, the appellant told Deputy Simon that he had deleted it.

{¶4} On August 29, 2024, the appellant was indicted as follows: Count One, Tampering With Evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree; Count Two, Tampering With Evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree; Count Three, Domestic Violence in violation of R.C. 2919.25(A) and (D)(5), a felony of the fifth degree; and, Count Four, Felonious Assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree, with a repeat violent offender specification pursuant to R.C. 2941.149(A). The appellant was appointed counsel, and pleaded not guilty at his September 4, 2024, arraignment. A jury trial was scheduled for October 31, 2024.

{¶5} The jury trial proceeded on October 31, 2024, at which the Tampering With Evidence charges were treated as Count One, the Domestic Violence charge was treated as Count Two, and the Felonious Assault charge was treated as Count Three. The jury heard the testimony of Detective Craig Knox, who was involved in the investigation. Deputy Simon testified next, stating that upon arrival at the scene he initially spoke with the appellant. The appellant showed Deputy Simon a video that the appellant had recorded on his cell phone. When Deputy Simon went to speak with Deputy Roush, who was speaking with the appellant's boyfriend and daughter, the appellant deleted the video. Deputy Simon testified that when he returned to speak with the appellant once again, and asked to review the video once more, the appellant told Deputy Simon that he had deleted the video from his cell phone. Deputy Simon testified that the appellant showed the Deputy his cell phone, and that it appeared to have been factory reset.

{¶6} Deputy Roush testified next and described his interview with the boyfriend. Detective Tanner Morton then testified regarding the digital forensic evidence, describing the appellant's two cell phones and the fact that one of them had been set to factory reset, thus vitiating the Detective's ability to retrieve any pictures or video from the device. Finally, K.H. testified regarding the incident.

{¶7} The trial court granted the appellant's Crim.R. 29 motion to dismiss the Domestic Violence and Felonious Assault charges. The appellant called no witnesses, and rested. The matter was sent to the jury, who found the appellant guilty on the sole count of Tampering With Evidence. Sentencing was scheduled for December 16, 2024, and a pre-sentence investigation was ordered. The sentencing hearing proceeded as scheduled, at which the appellant was sentenced to a period of incarceration of 30 months, with 119 days of jail time credit, and ordered to pay all court costs in the matter. The appellant did not object to the sentenced imposed by the trial court during the sentencing hearing.

{¶8} The appellant filed a timely appeal, and sets forth the following two assignments of error:

{¶9} "I. THE GUILTY VERDICT FOR TAMPERING WITH EVIDENCE AGAINST APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW AS APPELLEE FAILED TO PROVE THAT APPELLANT IMPAIRED THE AVAILABILITY OF EVIDENCE RELATED TO EXISTING OR LIKELY OFFICIAL INVESTIGATION OR PROCEEDING."

**{¶10}** "II. THE CONSISTENCY AND PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH IN O.R.C. 2929.11(A) AND (B) AND THUS CONTRARY TO LAW."

### ASSIGNMENT OF ERROR NUMBER I

**{¶11}** The appellant argues in assignment of error number one that the jury's verdict is against the manifest weight of the evidence and contrary to law. We disagree.

### *Standard of Review*

**{¶12}** Manifest weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins,* 78 Ohio St.3d 380, 386–387, (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 1997–Ohio–355. The *Thompkins* Court stated:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra,* at 1594.

*Id.* at 387. The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's

resolution of the conflicting testimony. *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.*

**{¶13}** In addition, "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

**{¶14}** "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

### *Analysis*

**{¶15}** R.C. 2921.12 sets forth the crime of Tampering With Evidence, and states:

(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;

(2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation.

(B) Whoever violates this section is guilty of tampering with evidence, a felony of the third degree.

**{¶16}** The case of *State v. Kent*, 2024-Ohio-4851 (7th Dist.) is instructive. In *Kent,* the defendant was charged with, inter alia, tampering with evidence after deleting information from his cell phone and performing a factory reset of the device, permanently and irretrievably deleting all of the data. On appeal, he contended that his conviction on the tampering with evidence charge was not supported by sufficient evidence. The court disagreed, stating:

There are three elements to tampering with evidence: "(1) the knowledge of an official proceeding or investigation in progress or likely to be instituted, (2) the alteration, destruction, concealment, or removal of the potential evidence, (3) the purpose of impairing the potential evidence's

availability or value in such proceeding or investigation." *State v. Straley*, 2014-Ohio-2139, ¶ 11.

"Knowledge of a likely investigation may be inferred when the defendant commits a crime that is likely to be reported ...." *State v. Thompson*, 2023-Ohio-2942, ¶ 34; *State v. Martin*, 2017-Ohio-7556, ¶ 118. Knowledge that a criminal investigation is imminent is based upon a reasonable person standard. *State v. Workman*, 2015-Ohio-5049, ¶ 51 (3d Dist.).

*Id.* at ¶20-21. In case sub judice, the evidence was clear that the appellant deleted the video from his cell phone. Further, Detective Morton testified that the appellant's phone had been "factory reset," and as a result all information was no longer retrievable. The appellant's knowledge that an official proceeding or investigation was in progress was also clear, as the appellant was interviewed by Deputy Simon regarding the incident. Finally, the jurors were free to infer that the appellant's purpose was to impair the potential evidence's availability or value in the investigation based upon the evidence presented. The fact that K.H. had also taken a video of the incident does not alter this analysis, as K.H. did not start recording at the same time the appellant did, and therefore the video on her cell phone was not identical to the video on the appellant's cell phone.

{¶17} When appellate courts undertake a manifest weight analysis they are to weigh the evidence and make every reasonable presumption in favor of the judgment and the jury's finding of facts, and are bound to give the evidence that interpretation which is consistent with the jury's verdict and judgment. Based upon this standard, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that

the conviction must be reversed and a new trial ordered. We therefore find the appellant's first assignment of error to be without merit.

## ASSIGNMENT OF ERROR NUMBER II

{¶18} The appellant argues in assignment of error number two that the sentence imposed by the trial court was inconsistent with the principles set forth in R.C. 2929.11(A) and (B), lacked consistency and proportionality, and was therefore contrary to law. We disagree.

### *Standard of Review*

{¶19} Generally, felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322, ¶ 20 (6th Dist.). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 2016-Ohio-4759, ¶ 7 (6th Dist.), citing R.C. 2953.08(G)(2).

{¶20} However, as discussed by this Court recently in *State v. Bright*, 2025-Ohio-725 (5th Dist.), the appellant's failure to object to the sentence while before the trial court "leaves him with little recourse here." *Id.* at ¶6. The *Bright* Court stated:

> Bright did not, however, object to the community-control conditions that were imposed at her sentencing hearing. An error "that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court" is deemed forfeited absent plain

error. *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.). *See also* Crim.R. 52(B) and *State v. Whitaker*, 2022-Ohio-2840, ¶ 166 ("because Whitaker failed to object to the imposition of consecutive sentences at the sentencing hearing, he has forfeited this issue, absent plain error").

To be sure, had the trial judge announced the sentence and then abruptly left the courtroom without giving the parties a chance to raise objections to the judge's ruling, Bright could not be faulted now for having stayed silent then. *See, e.g., United States v. Ralston*, 110 F.4th 909, 919 (6th Cir. 2024) (noting that federal district courts "are required to ask the parties during the sentencing hearing whether they have any objections to the sentence that has been imposed"); *U.S. v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004) (where a trial court fails to provide the parties with an opportunity to object to the sentence, the parties "will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal[ ]").

Here, the trial judge — by asking the parties, after the sentence was announced, if they had "[a]nything further" to say — gave Bright a meaningful opportunity to express the concerns that Bright now raises here. Neither Bright's trial counsel nor Bright herself objected to the sentence. We, therefore, review Bright's community-control sentence for plain error.

*Id.* at ¶7-9. In the case sub judice, the trial court specifically addressed the appellant after imposing sentence, asking if there was anything further, to which the appellant's counsel responded "No, Your Honor." The appellant thus had the opportunity, but failed, to object

to any portion of the sentence imposed by the trial court at the time of sentencing. As such, we review for plain error only.

## Analysis

**{¶21}** The decision in *Bright* concisely addressed plain error:

> To constitute plain error, an error "must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection." *State v. Dunlap*, 2004-Ohio-6652, ¶ 34 (8th Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

*Id.* at ¶ 10.

**{¶22}** In this case, the appellant was convicted of tampering with evidence in violation of R.C. 2921.12, a felony of the third degree. R.C. 2929.14(A)(3)(b) provides that "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

**{¶23}** The trial court considered the evidence adduced at trial during the sentencing hearing, as well as the information contained in the appellant's presentence investigation, which included multiple felony arrest warrants in South Carolina, Tennessee, and Cuyahoga County, Ohio, and the following criminal history: strong-armed robbery; burglary; attempted grand theft of an auto; parole violations; attempted felonious assault on a police officer, assault on a police officer, failure to comply with an order or

signal of a police officer, theft of an automobile, and fleeing from law enforcement; and, receiving stolen property. The appellant was sentenced to thirty months in prison, well within statutory parameters, and thus was sentenced in conformity with Ohio law.

{¶24} The appellant further argues that the trial court failed to consider the principles set forth in R.C. 2929.11(A) and (B) prior to the imposition of sentence. However, as set forth by this Court in *State v. Locke*, 2024-Ohio-1029 (5th Dist.):

> In our review of the language of R.C. § 2929.11 and 2929.12, we have held that:

> While trial courts are required to consider both R.C. 2929.11 and R.C. 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, 2021 WL 3560891, ¶8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶16 (8th Dist.).

> *Crawford* at ¶ 18.

> In a separate case, we concluded that "[a]lthough a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range." There is no

requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.) *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶17.

> The trial court was not obliged to describe its rationale for the sentence on the record or that it had considered the factors listed in R.C. § 2929.12, and the appellant has neither affirmatively shown that the factors were not considered.

*Id.* at ¶¶ 19-21. Thus, the fact that the trial court did not discuss the factors contained in R.C. 2929.11 and 2929.12 before imposing sentence does not rise to error, let alone plain error. There is no statutory requirement that the trial court state on the record that it has considered the statutory criteria concerning seriousness and recidivism, or even discuss them. Furthermore, the appellant has presented no evidence to show that the factors were not considered by the trial court.

{¶25} The sentence imposed by the trial court was within statutory sentencing parameters; furthermore, the trial court was not required to recite on the record the factors set forth by R.C. 2929.11 and 2929.12. We therefore find the appellant's second assignment of error to be without merit.

## CONCLUSION

{¶26} Based upon the foregoing, the appellant's assignments of error numbers one and two are overruled, and the decision of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

Montomery, J. and

Popham, J. concur.

[Cite as *State v. Keck*, 2025-Ohio-2647.]