[Cite as *State v. Samson*, 2026-Ohio-2173.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0134 |
|     Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0004 |
| JOSHUA SAMSON, | Judgment:   Affirmed |
|     Defendant - Appellant | Date of Judgment Entry: June 9, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1} Appellant Joshua Samson appeals the sentence imposed by the trial court following his plea of guilty to one count of aggravated vehicular homicide and one count of operating a vehicle while intoxicated. Appellee is the State of Ohio. For the reasons that follow, we affirm the decision of the trial court.

### STATEMENT OF FACTS AND THE CASE

{¶2} On or about June 21, 2024, the appellant was operating his motor vehicle while intoxicated when he crossed the center line and crashed head on into another vehicle, resulting in the death of victim K.V. The appellant's driver's license was suspended at the time of the collision.

**{¶3}** On January 9, 2025, the appellant was indicted on the following charges: Count One, Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(1)(a) and (B)(2)(b)(i), a felony of the first degree; Count Two, Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(2)(a) and (B)(3), a felony of the second degree; and, Count Three, Operating a Vehicle Under the Influence of Alcohol, a Drug of Abuse or a Combination of Them – OVI in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a), a misdemeanor of the first degree. The appellant pleaded not guilty to all charges at his February 19, 2025, arraignment, and the matter was set for trial.

**{¶4}** The parties subsequently entered into a plea agreement which was memorialized in an April 25, 2025, Plea of Guilty form. The Plea of Guilty form set forth the charges to which the appellant agreed to plead guilty: Count Two, Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(2)(a), a second-degree felony; and, Count Three, OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. The Plea of Guilty form also set forth the potential prison terms for each offense, and was initialed and signed by the appellant, his attorney, and counsel for the appellee. The appellee thereafter moved for dismissal of Count One of the Indictment, which the trial court granted.

**{¶5}** A Change of Plea hearing took place on April 25, 2025, at which the trial court engaged in the requisite Crim.R. 11 colloquy. The trial court accepted the appellant's guilty pleas, ordered a presentence investigation (PSI), and ordered the matter to be scheduled for a sentencing hearing.

**{¶6}** The sentencing hearing proceeded on June 16, 2025. The trial court heard victim impact statements from two of the victim's family members. The appellee summarized multiple letters from other family members who expressed how the victim's

death had impacted their lives, and read part of the victim's obituary into the record. In addition, the trial court summarized the appellant's PSI report. The PSI report reflected an extensive criminal history and contained multiple instances of the appellant's disregard for the legal system, including outstanding warrants for failure to appear in court, failure to appear for drug treatment, driving on a suspended license, and other crimes. The PSI reflected that the appellant had a total of four OVIs, three of which occurred while the appellant's driver's license was suspended.

{¶7} The trial court sentenced the appellant to eight years in prison, up to an indefinite maximum of twelve years on Count Two; and, 180 days of local incarceration on Count Three, to run concurrently with the prison term imposed for Count Two. The appellant was given credit for 104 days of time served.

{¶8} The appellant has appealed the decision of the trial court, and sets forth the following sole assignment of error:

{¶9} "I. SHOULD THIS HONORABLE COURT REMAND THIS MATTER FOR RE-SENTENCING BECAUSE THE TRIAL COURT ERRED WHEN SENTENCING THE APPELLANT TO THE MAXIMUM ALLOWABLE SENTENCE WHEN IGNORING THE SENTENCING FACTORS IN R.C. 2929.12 AND PRINCIPLES IN R.C. 2929.11?"

## STANDARD OF REVIEW

{¶10} Generally, felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322, ¶ 20 (6th Dist.). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is

otherwise contrary to law." *State v. Yeager*, 2016-Ohio-4759, ¶ 7 (6th Dist.), citing R.C. 2953.08(G)(2).

## ANALYSIS

{¶11} The appellant pleaded guilty to Aggravated Vehicular Homicide in violation of R.C. 2903.06(A)(2)(a), a felony of the second degree, and OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. The trial court considered the information presented during the change of plea hearing and the sentencing hearing. In addition, the court considered the appellant's criminal history as reflected in his presentence investigation, which included multiple arrest warrants, passing bad checks, failure to pay restitution, receiving stolen property, possession of drugs, failure to complete treatment in connection with drug charges, theft by deception, domestic violence, theft, criminal trespass, multiple OVIs, and multiple driving under suspension charges. The trial court sentenced the appellant to an aggregate prison term of eight years, with an indefinite maximum of twelve years.

{¶12} R.C. 2929.14(A)(2)(a) provides that "[f]or a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code...." R.C. 2929.144(B)(1) provides that "[i]f the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term." The appellant was sentenced to eight years, with an indefinite term of

twelve years (eight years plus fifty per cent of that term), and thus was sentenced in conformity with statutory guidelines.

**{¶13}** The appellant argues that the trial court failed to consider the principles set forth in R.C. 2929.11(A) and (B) prior to the imposition of sentence. However, as set forth by this Court in *State v. Locke*, 2024-Ohio-1029 (5th Dist.):

> In our review of the language of R.C. § 2929.11 and 2929.12, we have held that:
>
> > While trial courts are required to consider both R.C. 2929.11 and R.C. 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, 2021 WL 3560891, ¶8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶16 (8th Dist.).
>
> *Crawford* at ¶ 18.
>
> In a separate case, we concluded that "[a]lthough a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range." There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism

or even discussed them. (Citations omitted.) *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶17.

The trial court was not obliged to describe its rationale for the sentence on the record or that it had considered the factors listed in R.C. § 2929.12, and the appellant has neither affirmatively shown that the factors were not considered.

*Id*. at ¶¶ 19-21. Thus, the fact that the trial court did not discuss the factors contained in R.C. 2929.11 and R.C. 2929.12 does not rise to the level of reversible error. There is no statutory requirement that the trial court state on the record that it has considered the statutory criteria set forth in R.C. 2929.11 and R.C. 2929.12, let alone discuss them on the record. Furthermore, the appellant has presented no evidence to show that the factors were not considered by the trial court.

**{¶14}** The sentence imposed by the trial court was within statutory sentencing parameters, and the trial court was not required to recite on the record the factors set forth by R.C. 2929.11 and/or R.C. 2929.12. We therefore find the appellant's sole assignment of error to be without merit.

## CONCLUSION

{¶15} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Muskingum County Court of Common Pleas is hereby affirmed.

{¶16} Costs to appellant.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.